# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**BURROUGHS DIESEL, INC.**                                                        **PLAINTIFF**

**VERSUS**                                                              **CIVIL ACTION NO. 2:18-cv-48-KS-MTP**

**THE TRAVELERS INDEMNITY**
**COMPANY OF AMERICA**                                                 **DEFENDANT**

## ORDER ON MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Plaintiff's Motion [52] to Compel Discovery. Having carefully considered the parties' submissions and the applicable law, the Court finds that the Motion should be granted in part and denied in part.

This lawsuit arises out of an alleged hydrochloric acid tank failure owned by Baker Petrolite, not a party to this litigation, on October 14, 2016. The alleged failure resulted in acid travelling through the air and damaging Burroughs' real and personal property. Travelers Indemnity Company of America (TIA) had previously issued a commercial property insurance policy to Burroughs. After Burroughs' property was allegedly damaged by hydrochloric acid, it filed a claim with TIA. On October 18, 2016, TIA retained Albert Nalibotsky to represent TIA in its anticipated subrogation claim against Baker. On October 20, 2016 Mr. Nalibotsky was retained by Travelers Property Casualty Company of America (TPPCA) to represent it in a separate subrogation lawsuit arising out of the same hydrochloric acid tank failure.

On November 2, 2016, TIA informed Burroughs that it would likely deny the claim. On February 22, 2017, TIA issued a denial letter. On March 28, 2018, Burroughs filed suit against TIA bringing several claims stemming from the denial of coverage.

On January 4, 2019, Burroughs filed the instant motion to compel discovery. Burroughs disputes a wide array of redactions and in some cases a failure to produce documents on the part

1

of TIA. TIA responded to the motion stating that several of the disputed issues had been resolved but maintained that the Court should not compel production of several of the documents at issue, citing attorney-client privilege and the work-product doctrine. On February 1, 2019, Burroughs filed its reply and the matter is ripe for consideration. Additionally, the Court ordered TIA to submit the withheld or redacted documents for *in camera* review. The Court has now had the opportunity to review the records at issue.

The Court applies the standard set forth in Federal Rule of Civil 26(b)(1) which allows for discovery of material that is proportional to the needs of the case and non-privileged. "The party seeking discovery bears the burden of showing its necessity." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). The party, however, that resists discovery by claiming a privilege has the burden of establishing the privilege. *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 160 (S.D. Tex. 2009). Discovery is "to be accorded a broad and liberal treatment to effect [its] purposes of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute." *Willis v. City of Hattiesburg*, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016). Discovery disputes are left to the discretion of the trial court. *Freeman*, 556 F.3d at 341. Having carefully considered the Motion, the Court rules as follows:

*Disputed Interrogatory*

**Interrogatory No. 4**: As to your employees who were involved in the claim handling of the subject commercial property claim by Plaintiff, describe all training and training materials of each employee who worked on the subject claim, and describe any and all claims manuals or protocol which your employees were required to follow or reference in handling the subject claim, including, but not limited to, manuals or procedures to be followed before denying a claim or issuing a reservation of rights.

Burroughs moves to compel the production of the Knowledge Guide and any other manuals, procedures, or protocols required to be followed in handling the subject claim or denying a claim. TIA produced a Knowledge Guide in response to this interrogatory on December 13, 2018, but according to Burroughs 419 of the 440 pages produced had redactions. TIA argues that this particular discovery dispute is not ripe for consideration because Burroughs failed to comply with Local Uniform Civil Rule 37(a), which requires the parties to consult in good faith before seeking a conference with the court or filing discovery motions. TIA represents that any issue Burroughs had with the Knowledge Guide was not communicated until January 3, 2019 during a telephonic conference with the Court, and Burroughs filed this instant Motion to Compel the next day. In its response and supplemental response, TIA raises several objections to producing the full Knowledge Guide, generally relating to relevance and proportionality.

The Court is unpersuaded by TIA's ripeness argument. The issue here has been addressed in conference with the Court and the Court needs no further conference before considering the issue. Nothing in TIA's Response suggests that yet another conference would be fruiful.

Federal Rule of Civil Procedure 26(b)(1) states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Material is considered relevant if there is "any possibility" that it can relate to a claim or defense of a party. *S.E.C. v. Brady*, 238 F.R.D. 429, 436-437 (N.D. Tex. 2006). The discovery requested need not be admissible at trial, it must only be presumed that it will lead to discovery of admissible evidence. *Id*.

The Court finds that the Knowledge Guide,[1] which TIA's claims adjusters use as a reference, is relevant to the claims in this case. Additionally, the Court finds that its production, in unredacted form, would not be burdensome. Producing the unredacted document should be far less burdensome than the amount of time previously spent redacting hundreds of pages.

Having reviewed the Knowledge Guide, it is plain that much of the information in it does not apply to this case. It is equally plain, however, that TIA redacted information that is relevant to the claims and issues. Perhaps more importantly, the redactions are so frequent and indiscriminate that the context of much of the unredacted information is unclear or useless. The entire Knowledge Guide should be produced.

To the extent TIA is concerned about producing trade secrets or information that it deems sensitive, a protective order was entered in this case to address that issue. *See* Order [50]. The parties may designate material as confidential and to seek leave to file documents under seal pursuant to Local Uniform Civil Rule 79.[2] The Knowledge Guide should be produced in unredacted form.

As to any other manuals, procedures, and protocols regarding the handling of this claim or the denying of any claim, TIA asserts that no such materials exist. TIA states that the parties agreed to limit any training material to those used to respond to claims regarding chemical spills. Burroughs counters that the narrowing of such materials is not appropriate, and it continues to seek all training materials related to the handling of this claim. After reviewing the Knowledge Guide, the Court agrees that the restrictions put in place by TIA are too narrow. TIA should produce all training manuals, procedures, and protocols utilized by claims handlers in this case.

---

[1] Title notwithstanding, the "Knowledge Guide" is nothing more than a policy and procedures manual.

[2] It shall be noted that such a filing does not obligate the Court to seal any records.

The Court, therefore, finds that the Motion to Compel as to Interrogatory No. 4 should be GRANTED.

*Disputed Requests for Production*

**Request No. 1:** Please produce all documents, emails, and electronically stored data which in any way relate to the allegations of the Complaint and the Plaintiff's claim for damages to its real and personal property.

TIA objected to producing some portions of this requested material asserting attorney-client privilege and work-product doctrine. The Court will first address whether the attorney-client privilege applies to the communications involving Ms. Grenier, TIA's in-house counsel, and Mr. Nalibotsky, TIA's and TPCCA's subrogation counsel. TIA asserts that communications with Ms. Grenier were withheld because she rendered legal advice to claims personnel and was acting as an attorney when these communications were made. Burroughs counters that attorney-client privilege cannot be asserted as to communications with Ms. Grenier because TIA responded to a separate interrogatory stating that "no in-house or other attorney participated in the claim handling or denial of claim." *See* [52-1] at 13.

TIA also asserts attorney-client privilege as to communications with Mr. Nalibotsky in his capacity as TIA's subrogation counsel and as TPCCA's subrogation counsel. An affidavit was submitted from Mr. Nalibotsky stating that he was retained on October 16, 2016 to represent TIA in regard to any subrogation claim it might have, but at an unspecified date his representation of TIA ceased after TIA denied Burroughs' claim. Aff. [75-3]. Mr. Nalibotsky currently represents TPCCA in a separate subrogation lawsuit arising from the same hydrochloric acid tank failure. *Id.* Burroughs argues that Mr. Nalibotsky could not have been counsel for TIA in a subrogation matter because TIA so promptly denied Burroughs' claim that there was never a subrogation claim to investigate.

Mississippi state law governs the application of the attorney client privilege in this matter. *See* Fed. R. Evid. 501. "A client has a privilege to refuse to disclose— and to prevent others from disclosing— any confidential communication made to facilitate professional legal services to the client." Miss. R. Evid. 502(b). "[The] privilege protection attaches to those communications that would *facilitate the rendition* of legal services or advice." *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 487 (N.D. Miss. 2006) (emphasis in original). It is important to bear in mind, however, that the attorney-client privilege only extends to communications and not to facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

After reviewing the documents *in camera* as well as the parties' submissions, the Court finds that Ms. Grenier was acting in her capacity as counsel to TIA and that communications between Ms. Grenier and TIA representatives are protected to the extent that they were made to facilitate professional legal services or advice. TIA's interrogatory response representing that no attorneys "participated" in the claims handling and the denial of the claim is disingenuous and misleading, as numerous communications with attorneys are in the claims file now at issue. Moreover, the interrogatory itself plainly asks for the identity of any attorneys who were called upon to give legal advice. While TIA may object to identifying the advice given on privilege grounds, the name of an attorney is not privileged. The answer was pure gamesmanship. As the attorney is clearly listed on the privilege log, it is perplexing that TIA saw fit to avoid disclosing the attorney's name in this discovery response.

Discovery responses should be straight-forward. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 614 (5th Cir. 1977) (holding that "discovery by interrogatory requires candor in responding."). This response was neither straightforward nor candid. The Court, however, will not compel TIA to disclose communications between itself and its counsel solely based on this

evasive response since the communications between claims handlers and Ms. Grenier were properly disclosed on the privilege log. The communications were properly withheld.

Regarding Mr. Nalibotsky, the Court finds that he was acting as counsel for TIA concerning any subrogation claim TIA may have possessed. Mr. Nalibotsky's affidavit specifically states that he was counsel for TIA. Aff. [75-3]. This is further verified by the Court's *in camera* review of certain documents. Any communications between Mr. Nalibotsky and TIA representatives for the purpose of seeking legal advice is protected by attorney-client privilege, as long as Mr. Nalibotksy was employed or retained by TIA. That a subrogation claim did not materialize does not mean that one was not considered or that TIA did not seek advice about pursuing a claim or did not evaluate one.

As to other withheld materials, TIA argues that the work-product doctrine applies to all materials created before January 17, 2017. Burroughs argues that work-product doctrine cannot be claimed for the redacted or withheld material because it was communicated that the claim would be denied on November 2, 2016, only a few weeks after the claim was submitted, and TIA could not have prepared for a subrogation claim when it so promptly denied coverage.

The work-product doctrine protects material prepared in anticipation of litigation created by an attorney. *See generally Hickman v. Taylor*, 329 U.S. 495 (1947). "[T]he doctrine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself." *U.S. v. Nobles*, 422 U.S. 225, 238-239 (1975). Yet, "when relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had." *Hickman*, 329 U.S. at 511.

"The party asserting the privilege bears the burden of proving that the information requested is privileged." *Barker v. Kinder Morgan Se. Terminals*, LLC, 2007 WL 4333843, at *1 (S.D. Miss. Dec. 6, 2007) (referencing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)). The Court must consider for what purpose the document or documents at issue were created. If the "primary motivating purpose" in creating the documents was to aid possible future litigation, then the work-product doctrine applies. *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. 1981).

The Court is of the opinion that materials produced by TIA subrogation specialists prior to January 17, 2017 were in anticipation of litigation and protected by the work-product doctrine. Albert Nalibotsky sent a letter on October 19, 2016 to Baker Hughes on behalf of Travelers[3] putting Baker Hughes on notice of potential litigation and evidenced TIA's intent to potentially pursue a subrogation claim. *See* Resp. [75-3].

TIA further submits that work done after January 17, 2017 and the work-product of TPCCA is protected by the work-product doctrine. TIA discontinued its subrogation efforts on January 17, 2017, according to its file records. *See* TIA 636. Specifically, TIA points to work done by Mr. Edwards, an expert consultant, who performed work in 2017 for both TIA and TPCCA concerning the underlying tank failure. Burroughs disputes this assertion and argues that TIA and TPCCA are entirely separate entities. Burroughs argues that TPCCA's subrogation case "involves a separate and distinct insurer with its own counsel (Albert Nalibotski, TPC subrogation counsel), over an unrelated subrogation claim under a separate insurance policy, all of which are not at issue or involved in this case." Memo. [53] at 10.

---

[3] The letter does not clearly represent if Mr. Nalibotsky was sending the correspondence on behalf of TIA, TPCCA, or both. Resp. [75], Ex. F. Other withheld documents, reviewed *in camera*, provide clarity.

TIA argues that "TIA and TPCCA are related entities with a common legal interest in litigating their cases, the work-product privilege applies to protect these materials." The Court has not found a case considering Mississippi law on common-interest privilege in the realm of work product, but it has been addressed in the context of attorney-client privilege. The common-interest privilege "extends to statements made in multiple party cases in which different lawyers represent clients who have common interests." Miss. R. Evid. 502 cmt. "Rule 502 does not broadly construe the common interest privilege." *United Inv's Life Ins. Co v. Nationwide Life Ins. Co*, 233 F.R.D. 483, 487 (N.D. Miss. 2006). "[T]he party asserting the privilege must have been, at the time of the communication, a co-party to pending litigation with the party to whom it bears a relationship of common interest." *Id* at 487-488.

TIA has not demonstrated that TPCCA and itself meet the common interest standard under Mississippi Rule of Evidence 502 and have not provided any binding authority to support its position. TIA and TPCCA are not co-parties in this lawsuit. No matter how expansive or overlapping TIA and TPCCA's business interests are, they cannot shelter their communications or shared documents with the common interest privilege. TIA may not claim the work-product doctrine for materials produced by TPCCA after TIA denied Burroughs' claim.

The Court finds that the Motion to Compel as to Request No. 1 should be GRANTED IN PART as to all materials withheld based on work product after January 17, 2017 and DENIED as to all other relief requested.

**Request No. 3:** Please produce all training materials and documentation which was used in the training of employees who participated in any way in the handling of the subject claim.

As discussed previously, TIA shall produce the unredacted Knowledge Guide and all training materials and protocols utilized in the claim at issue. The Motion to Compel as to Request No. 3 is GRANTED.

**Request No. 4:** Please produce the claims handling manual of Travelers' protocol for handling commercial property claims which would be applicable to the claims handling of the subject claim, issuing a reservation of rights or the denial of the subject claims.

As discussed previously, TIA shall produce the unredacted Knowledge Guide and all training materials and protocols utilized in the claim at issue. The Motion to Compel as to Request No. 4 is GRANTED.

**Request No. 5:** Please produce the original claim file for all of your offices that generated documents on the subject claim, including your Louisiana office and your Hartford, Connecticut office, from the date of notification after the October 14, 2016 loss until the date that suit was filed.

TIA objects to producing the withheld documents relating to this request because they contain communications between its in-house counsel, Ms. Grenier, and claims handlers. The attorney-client privilege is properly asserted as to Ms. Grenier and TIA need not produce protected communications. *See supra* Request for Production No. 1. The Court finds that the Motion to Compel regarding Request for Production No. 5 should be DENIED.

**Request No. 7:** Please produce all documents, including emails and electronically stored data, relating to your investigation of the subject claim.

TIA objects to producing the withheld documents relating to this request because they contain communications between its in-house counsel, Ms. Grenier, and claims handlers. As discussed previously, the attorney-client privilege is properly asserted as to Ms. Grenier and TIA does not have to produce documents containing protected communications. *See supra* Request for Production No. 1. The Court finds that the Motion to Compel regarding Request for Production No. 7 should be DENIED.

*Disputed Partially Redacted Documents*

**1. TIA 622-651**: Footers at bottom of pages generated after litigation was commenced.

TIA represents that this redacted information is simply an internal website address for TIA employees. If so, it is not clear why it was redacted. TIA is not free to alter or redact

documents on a whim. If the information is not privileged or protected work product (and this is neither) it should not be redacted. The Court finds that Motion to Compel as to TIA 622-651 (redacted footers) should be GRANTED.

**2. TIA 623**: October 17, 2016 Note by Greg Bynum (TIA claims handler) regarding a subrogation claim by TIA.

TIA represents in its Response [76] that this document was supplemented on January 4, 2019 and the dispute is now moot. The Court finds that the Motion to Compel as to TIA 623 should be DENIED as moot.

**3. TIA 623-624**: October 18, 2016 Note regarding TIA subrogation claim.

TIA represents in its Response [76] that this document was supplemented on January 4, 2019 and the dispute is now moot. The Court finds that the Motion to Compel as to TIA 623-624 should be DENIED as moot.

**4. TIA 624 (Jessica Norman)**: October 18, 2016 Claims Note by Jessica Norman (subrogation specialist with TIA) regarding initial investigation of the TIA subrogation claim.

This material was created in anticipation of a subrogation claim. Therefore, the work-product doctrine applies. The Court finds that the Motion to Compel as to TIA 624 (Jessica Norman) should be DENIED.

**5. TIA 624 (Lynette Kocialski)**: October 18, 2016 Claims Note by Lynette Kocialski, subrogation specialist with TIA, regarding the TIA subrogation claim and notes regrading communication with subrogation counsel, Albert Nalibotsky.

This entry notes that certain unidentified information was sent to counsel, Mr. Nalibotsky. This entry is not protected. The Motion to Compel as to TIA 624 (Lynette Kocialski) is GRANTED.

**6. TIA 624-625**: October 18, 2016 Claims Note by Lynette Kocialski regarding the TIA subrogation claim and notes regarding communication with subrogation counsel Albert Nalibotsky.

TIA represents in its Response [76] that this document was supplemented on January 4, 2019 as to the communications between Lynette Kocialski and Richard Folse, TIA's property claims professional. The remainder of the document, however, has not been produced. The communications with Albert Nalibotsky are protected by the attorney-client privilege and other materials prepared by Ms. Kocialski in relation to an anticipated subrogation claim are protected by the work-product doctrine. The Court finds that the Motion to Compel as to TIA 624-625 should be DENIED.

**7. TIA 626 (Entries 1, 2, 3, & 5)**: October 18, 2016 Note regarding investigation of TIA subrogation claim.

TIA represents in its Response [76] that this document was supplemented on January 4, 2019 and the dispute is now moot. The Court finds that the Motion to Compel as to TIA 626 (Entries 1, 2, 3, & 5) should be DENIED as moot.

**8. TIA 626 (Entry 4)**: October 18, 2016 Claims Note by Lynette Kocialski regarding TIA subrogation claim and notes about communication with subrogation counsel, Albert Nalibotsky.

As previously discussed, Albert Nalibotsky acted as counsel for TIA during its subrogation claim investigation. Communications between Mr. Nalibotsky and TIA representatives on that date regarding the subrogation claim are protected by attorney-client privilege. The other material regarding the potential subrogation claim is protected by the work-product doctrine. The Court finds that the Motion to Compel as to TIA 626 (Entry 4) should be DENIED.

**9. TIA 627 (Entries 1 & 2)**: Notes dated October 18, 2016 from Lynette Kocialski regarding status and evaluation of TIA subrogation claim.

The innocuous notes appear to be administrative in nature and are not protected. The Court finds that the Motion to Compel as to TIA 627 (entries 1 & 2) should be GRANTED.

**10. <u>TIA 627-628</u>**: October 19, 2016 Claims Note by Lynette Kocialski regarding TIA subrogation claim and notes regarding communication with subrogation counsel Albert Nalibotsky.

TIA represents in its Response [76] that this document was supplemented on January 4, 2019 and the dispute is now moot in large part. The one-line redaction that remains references a communication with counsel and was properly redacted. The Court finds that the Motion to Compel as to TIA 627-628 should be DENIED.

**11. <u>TIA 628 (Entry 1-Kocialski)</u>**: October 20, 2016 Claims Note by Lynette Kocialski regarding the TIA subrogation claim.

TIA represents in its Response [76] that this document was supplement on January 4, 2019 and the dispute is now moot. The Court finds that the Motion to Compel as to TIA 628 (Entry 1-Kocialski) should be DENIED.

**12. <u>TIA 628 (Entry 2- Kocialski)</u>**: October 20, 2016 Claims Note by Lynette Kocialski regarding TIA subrogation claim and notes regarding communication with subrogation counsel, Albert Nalibotsky.

The redacted information primarily addresses discussions with counsel and includes work product. The Court finds that the Motion to Compel as to TIA 628 (Entry 2- Kocialski) should be DENIED.

**13. <u>TIA 629 (Folse)</u>**: October 31, 2016 Claims Note by Richard Folse, TIA claims handler, regarding communication with Ms. Grenier, in-house counsel for TIA.

The Court finds that the Motion to Compel as to TIA 629 (Folse) should be DENIED. This one-line redaction references communication with counsel and is privileged.

**14. <u>TIA 629-630 (Bryan)</u>**: November 2, 2016 Claims Note by Steven Bryan, TIA claims handler, regarding communication with Ms. Grenier, TIA in-house counsel.

The Court finds that the Motion to Compel as to TIA 629-630 (Bryan) should be GRANTED. TIA has not established that this communication is entitled to privilege or protection.

**15. TIA 630-631**: November 7, 2016 Claims Note by Lynette Kocialski regarding TIA subrogation claim.

The Court finds that the Motion to Compel as to TIA 627 (entries 1 & 2) should be GRANTED. Despite the "subrogation" label placed on the note, this information is not protected and references communication with the insured.

**16. TIA 635 (Kocialski)**: December 2, 2016 Claims Note by Lynette Kocialski regarding the TIA subrogation claim.

TIA represents in its Response [76] that this document was supplemented on January 4, 2019 and the dispute is now moot. The Court finds that the Motion to Compel as to TIA 635 (Kocialski) should be DENIED as moot.

**17. TIA 636**: December 13, 2016 and January 17, 2017 Claims Notes by Lynette Kocialski regarding TIA subrogation claim.

The Court finds that the Motion to Compel as to TIA 636 should be GRANTED. The notes are about claim status and are of an administrative nature. They are not protected and should be produced.

**18. TIA 646 (Bryan)**: October 11, 2017 Claims Note by Steven Bryan regarding the subrogation claim.

TIA represented in its Response [76] that this document was supplemented on January 4, 2019 and this dispute is now moot. The Court finds that the Motion to Compel as to TIA 646 (Bryan) should be DENIED.

**19. TIA 647-648**: October 23, 2017 Claims Note by Steven Bryan, TIA claims handler, regarding communications with Ms. Grenier and the investigation of TIA's subrogation claim.

The Court finds that the Motion to Compel as to TIA 647-648 should be DENIED. The entry outlines discussions with counsel.

**20. TIA 649 (Entry 1- Folse)**: November 8, 2017 Claims Note by Richard Folse, TIA claims handler, regarding the TIA subrogation claim and communication with subrogation counsel, Albert Nalibotsky.

This material was created after TIA denied Burroughs' claim and could not have been in anticipation of a subrogation lawsuit. Albert Nalibotsky was no longer acting as subrogation counsel for TIA or TIA certainly has not established that he was at this time. In addition, the information is plainly not protected in any event. The Court finds that the Motion to Compel as to TIA 649 (Entry 1-Folse) should be GRANTED.

**21. TIA 649 (Entry 2-Folse)**: November 8, 2017 Claims Note by Richard Folse regarding reserve information.

TIA seeks to withhold this entry, an innocuous reserve note, arguing that it is protected by the work-product doctrine, is not relevant, and is prejudicial. This entry is not work product, and TIA has not demonstrated that this material was created by an attorney or at the direction of an attorney in anticipation of litigation.

Moreover, this material meets the low-threshold requirements for relevancy. *See Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 450 (N.D. Tex. 2015) (holding that discovery requests are relevant if they reasonably lead to the discovery of admissible evidence.). And this Court has previously held that reserve information is discoverable. *Jefferson Davis Cty. Sch. Dist. v. RUSI Indem. Co.*, 2009 WL 1658478, at *3 (S.D. Miss. June 11, 2009). It is not necessary at this time to determine whether the reserve information is prejudicial (though it plainly is not) as that relates to the admissibility of the evidence not whether it is discoverable. The Court finds that the Motion to Compel as to TIA 649 (Enry-2 Folse) should be GRANTED.

**22. TIA 649 (Entry 3- Bryan)**: November 19, 2017 Claims Note by Stephen Bryan regarding TIA subrogation claim and notes regarding communications with subrogation counsel for TIA Albert Nalibotsky.

TIA represented in its Response [76] that this document was supplemented on January 4, 2019 and this dispute is now moot. The Court finds that the Motion to Compel as to TIA 649 (Entry 3- Bryan) should be DENIED.

**23. TIA 815**: December 4, 2017 email by Stephen Bryan to Travelers employees regarding investigation of TIA subrogation claim.

This document was created after TIA denied Burroughs' claim and could not have been made in anticipation of its subrogation claim. Moreover, the one-sentence redaction at issue does not include protected information. The Court finds that the Motion to Compel as to TIA 815 should be GRANTED.

**24. TIA 822-824**: December 13, 2017 email exchange between the expert Richard Edwards, Ms. Grenier, Albert Nalibotsky, and Travelers employees regarding investigation of subrogation claim.

Attorney-client privilege does not protect this information because Mr. Nalibotsky did not represent TIA by December of 2017. Moreover, TIA had not subrogation claim to investigate at this point. As discussed previously, TIA and TPCCA do not have a common legal interest that allows them to act interchangeably. While Ms. Grenier does represent TIA the fact that a report was transmitted to her and others is not privileged. The Court finds that the Motion to Compel as to TIA 822-824 should be GRANTED.

*Disputed Withheld Documents*

**1. Privilege Log pp. 37-39 (3 entries)**: October 18-19, 2016 emails between Albert Nalibotsky and Lynette Kocialski regarding TIA subrogation claim investigation.

As previously discussed, Albert Nalibotsky acted as counsel for TIA during its subrogation claim investigation. Communications between Mr. Nalibotsky and TIA representatives regarding the subrogation claim are protected by attorney-client privilege. The Court finds that the Motion to Compel as to the Privilege Log pages 37-39 should be DENIED.

16

**2. Privilege Log p. 40**: October 24, 2016 emails between Albert Nalibotsky and Mike McClure, Travelers employee, regarding TIA subrogation claim investigation.

As previously discussed, Albert Nalibotsky acted as counsel for TIA during its subrogation claim investigation at this time. Communications between Mr. Nalibotsky and TIA representatives regarding the subrogation claim are protected by attorney-client privilege. The Court finds that the Motion to Compel as to this email should be DENIED.

**3. Privilege Log p. 41 (both entries)**: Emails dated October 21, 2016 between Albert Nalibotsky, Lynette Kocialski, Richard Folse, and Mike McClure regarding the TIA subrogation claim investigation.

As previously discussed, Albert Nalibotsky acted as counsel for TIA during its subrogation claim investigation at this time. Communications between Mr. Nalibotsky and TIA representatives regarding the subrogation claim are protected by attorney-client privilege. The Court finds that the Motion to Compel as to the Privilege Log page 41 should be DENIED.

**4. Privilege Log pp. 42 (second entry)- 43 (first entry)**: October 21, 2016 emails exchanged between Albert Nalibotsky, Lynette Kocialski, Richard Folse, and Stephanie James regarding TIA subrogation claim investigation.

As previously discussed, Albert Nalibotsky acted as counsel for TIA during its subrogation claim investigation at this time. Communications between Mr. Nalibotsky and TIA representatives regarding the subrogation claim are protected by attorney-client privilege. The Court finds that the Motion to Compel as to the Privilege Log pages 42 (second entry)- 43 (first entry) should be DENIED.

**5. Privilege Log p. 44 (both entries)**: October 20, 2016 emails between Albert Nalibotsky, Lynette Kocialski, Richard Folse, and Stephanie James regarding TIA subrogation claim investigation.

As previously discussed, Albert Nalibotsky acted as counsel for TIA during its subrogation claim investigation at this time. Communications between Mr. Nalibotsky and TIA

representatives regarding the subrogation claim are protected by attorney-client privilege. The Court finds that the Motion to Compel as to the Privilege Log page 44 should be DENIED.

**6. Privilege Log p. 45 (second entry)**: November 30, 2017 emails between Albert Nalibotsky, Lynette Kocialski, and Richard Folse regarding TIA subrogation claim investigation.

This document was created long after TIA denied Burroughs' claim and could not have been made in anticipation of any subrogation litigation. TIA has not met its burden of establishing that the work-product doctrine applies at this point or that Mr. Nalibotsky was its lawyer. These documents are not protected. The Court finds that the Motion to Compel as to Privilege Log p. 45 (second entry) should be GRANTED.

**7. Privilege Log p. 46 (second entry)**: August 21, 2017 emails between Albert Nalibotsky, Lynette Kocialski, and Richard Folse regarding TIA subrogation claim investigation.

This document was created long after TIA denied Burroughs' claim and could not have been made in anticipation of subrogation litigation. It is not protected and should be produced. The Court finds that the Motion to Compel as to Privilege Log p. 46 (second entry) should be GRANTED.

**8. Privilege Log p. 71**: October 19, 2016 email exchange between Albert Nalibotsky and Lynette Kocialski regarding investigation of TIA subrogation claim investigation.

As previously discussed, Albert Nalibotsky acted as counsel for TIA during its subrogation claim investigation at this time. Communications between Mr. Nalibotsky and TIA representatives regarding the subrogation claim are protected by attorney-client privilege. The Court finds that the Motion to Compel as to the Privilege Log page 71 should be DENIED.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel [52] is GRANTED IN PART and DENIED IN PART as set forth above. To the extent that any other relief is sought in the Motion, same is DENIED. To avoid delays in the completion of the remaining discovery,

any documents or materials which the Court found to be unprotected or ordered produced shall be produced by no later than February 18, 2019.

    SO ORDERED, this the 14th day of February, 2019.

                                                s/Michael T. Parker
                                                United States Magistrate Judge